IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY LYNN KNOTTS,

        Petitioner,

v.                                                           CV 14-239 JCH/WPL

JOHN SANCHEZ, Warden,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Pursuant to a plea agreement, Jimmy Lynn Knotts pled guilty in New Mexico state court to one count of misdemeanor larceny and four fourth-degree felonies, including two counts of receiving stolen property, conspiracy to commit residential burglary, and conspiracy to receive stolen property. (Ex. C.)[1] The state district judge initially contemplated a two-and-a-half year sentence, with all counts to run concurrently, but retracted the sentence immediately upon hearing that the victims would like to testify. (CD June 4, 2012, at 10:27:08 – 10:27:25.) The judge set the sentencing hearing for two weeks later and ultimately sentenced Knotts to 364 days on the misdemeanor larceny, run concurrently with the other sentences, and two-and-a-half years for each of the four felonies, with terms running consecutively, for a total of ten years, and reduced this sentence to a written Judgment, Sentence and Commitment to the New Mexico Department of Corrections ("Judgment and Sentence"). (Ex. B at 4.)  Knotts now brings a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his sentence on five grounds: illegal sentence, due process, ineffective assistance of counsel, breach of plea agreement, and speedy trial violations. (Doc. 1 at 2-5.) I rearrange these arguments into

---

[1] Unless otherwise indicated, all exhibits are to Respondent's answer. (Doc. 10.)

three groups: 1) violations of the Sixth Amendment right to effective assistance of counsel, going to the validity of the Plea Agreement based on its voluntariness; 2) violations of the Fourteenth Amendment right to Due Process; and 3) a violation of the Sixth Amendment right to a Speedy Trial. I find that Knotts's arguments as to ineffective assistance of counsel are without merit, and his Plea Agreement is valid. Therefore, I reach the merits of his case. I find that Knotts's Due Process arguments of an illegal sentence and a breached plea agreement are matters of state law and, therefore, are not cognizable in this proceeding. Knotts's claims of speedy trial violations and evidentiary due process violations were waived when he signed the Plea Agreement. His final argument, that he was denied Due Process when the state district judge refused to allow him to withdraw his guilty plea, is without merit. Having reviewed the pleadings, record, and relevant law, I recommend that the Court deny Knotts's petition and dismiss this case with prejudice.

## FACTUAL & PROCEDURAL BACKGROUND

Knotts claims he was arrested in Colorado, on a New Mexico warrant, on October 17, 2011. (Doc. 1 Ex. 2 at 4.)[2] He was arraigned in New Mexico on January 23, 2012, on an eleven-count indictment. (Ex. E.) Knotts pled guilty to five counts on June 4, 2012, pursuant to a Partial Repeat Offender Plea and Disposition Agreement ("Plea Agreement"). (Ex. C.) Knotts was represented by a public defender. (*Id.*)

Under the terms of the Plea Agreement, Knotts pled guilty to one misdemeanor and four fourth-degree felonies. (*Id.*) He admitted that he was the same individual who was previously convicted of two felonies in New Mexico. (*Id.* at 2.) In exchange for the plea, the State agreed to dismiss six charges and agreed to use only one of the prior convictions for a one-year mandatory sentencing enhancement on each of the felony offenses. (*Id.*) The agreement did not contain a

---

[2] Knotts was arrested on Colorado charges on September 18, 2011, in Durango, Colorado. He was sentenced to six months of incarceration at the Durango County facility on October 13, 2011. (Doc. 1 Ex. 2 at 4.)

2

stipulated sentence, but outlined the maximum penalties for each charge. (*Id.* at 3-4.) Knotts was exposed to a maximum of ten years, 364 days in prison. (*Id.*) Finally, the Plea Agreement allowed Knotts to withdraw his guilty plea if the court concluded that any provision in the agreement was unacceptable. (*Id.* at 4.) The agreement was signed by the prosecutor on May 7, 2012 (*id.* at 5), and by Knotts and his attorney on June 4, 2012 (*id.*). The state district judge accepted and signed the agreement on June 4, 2012 (*id.* at 6), after a hearing and colloquy during which the judge satisfied himself that Knotts understood his rights, the rights he was giving up, the nature of the charges and the plea, and the possible consequences for pleading guilty (CD June 4, 2012, at 10:18:08 – 10:23:48).

At the hearing on June 4, 2012, the state district judge stated, "I'm gonna do him a favor, though . . . I'm gonna run all the sentences concurrent to each other. You'll do two and a half years, I think that's the appropriate sentence." (*Id.* at 10:27:09 – 10:27:16.) At that point, the prosecutor spoke up and informed the judge that the victims would like to testify. (*Id.* at 10:27:16 – 10:27:24.) The judge then said, "Oh, I take it back. We'll come back in two weeks to do sentencing." (*Id.* at 10:27:24 – 10:27:27.) On June 14, 2012, the court reconvened, and the victims testified. (CD June 14, 2012, at 3:39:44 – 3:42:34.) Knotts claims he attempted to withdraw his guilty plea at the June 14 hearing. (Doc. 1 at 3.)

The state district judge entered a written Judgment and Sentence on June 21, 2012, sentencing Knotts to ten years of incarceration followed by two years of parole.[3] (Ex. A at 4.)

Knotts appealed to the New Mexico Court of Appeals and, ultimately, to the New Mexico Supreme Court. (Exs. D, E, I.) Both courts upheld the state district court's Judgment and Sentence, verifying that the Plea Agreement was valid and did not stipulate to a sentence. (Exs.

---

[3] The Judgment and Sentence was corrected on January 22, 2013, to reflect ten years of incarceration followed by one year of parole, rather than two years of parole. (Ex. B. at 4.)

F, H, J, K.) Knotts also filed a Motion to Withdraw Guilty Plea (Ex. L) and a Motion for Presentence Credit (Ex. M) with the state district court. Knotts filed his state Petition for Writ of Habeas Corpus with the district court on July 30, 2013. (Ex. O.) The district court dismissed the petition on the merits on October 23, 2013. (Ex. P.) Knotts then filed a Petition for Writ of Certiorari in the New Mexico Supreme Court on November 4, 2013. (Ex. Q.) That petition was denied by Order on December 4, 2013. (Ex. R.) Finally, Knotts filed a Motion for Reconsideration of Sentence (Ex. S) and a second Petition for Writ of Habeas Corpus (Ex. T) with the district court on December 20, 2013. The district court denied and dismissed the filings on January 6, 2014. (Exs. U, V.)

Knotts filed his federal habeas petition on March 11, 2014. (*See* Doc. 1.) In his response, Sanchez agrees that Knotts exhausted the available state-court remedies as to all claims, except the due process issue related to the stolen property being returned to the victims. (*See* Doc. 10.)

### STANDARD OF REVIEW

This petition was filed on March 11, 2014, which is after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so AEDPA's standards apply to guide this Court's determination. *See, e.g.*, *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008). AEDPA requires federal courts to be "exquisitely deferential to the state court's resolution of the [petitioner's] claims" when evaluating § 2254 habeas petitions. *Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012). The Supreme Court aptly described AEDPA as establishing "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted).

Section 2254 allows the Court to entertain habeas applications from a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, if the state court adjudicates the merits of a claim, federal habeas relief is only available if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* at § 2254(d)(1). When assessing whether the state court's decision was unreasonable, the Court must consider the decision "in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citing *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003)).

State courts frequently issue summary dismissals of a petitioner's claims for relief. Such dismissals are presumed to be an "adjudicate[ion] on the merits" even if the court provided no reasoning to support its decision. *Harrington v. Richter*, 562 U.S. 86, ---, 131 S. Ct. 770, 785 (2011). This presumption may be overcome only if "there is reason to think some other explanation for the state court's decision is more likely." *Id.* Even if the state court does not explain its reasoning, the petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 784; *see Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (clarifying that under AEDPA, "we owe deference to the state court's *result*, even if its reasoning is not expressly stated").

A state court's decision is contrary to law if the rule that it applies clearly contradicts governing law, as established by the Supreme Court, or if it decides a case differently than the Supreme Court did when presented with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000). The decision is an unreasonable application of law if the state

5

court applied clearly established federal law in an objectively unreasonable manner. *Id.* at 409. "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams*, 529 U.S. at 410) (internal quotation marks omitted) (emphasis in original). "Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (quotation omitted). If the court determines that the state court decision is not entitled to deference under § 2254(d), it must evaluate the petitioner's claims de novo. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

Just as the reviewing Court must show deference to the state court's determination of the law, it must also show deference to the state court's determination of the facts. A petition for habeas corpus will not be granted due to the state court's determination of the facts unless the adjudication of the claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court's determination of the facts is unreasonable if the state court plainly misapprehends the record in making its factual findings and the misapprehension goes to a factual issue that is central to the claim. *Wiggins*, 539 U.S. at 528.

Lastly, because Knotts is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## DISCUSSION

At the outset, it is important to note what Knotts is not challenging. He does not argue that his Plea Agreement itself violates the Constitution or federal law. He does not argue that his sentence was improper for a guilty plea to four fourth-degree felonies and one misdemeanor, with one prior felony conviction. Instead, he challenges the validity of his Plea Agreement based on ineffective assistance of counsel. I find that Knotts's defense counsel was not constitutionally ineffective, and the Plea Agreement was therefore valid. Two of Knotts's claims—that the state district judge breached the Plea Agreement and that his ultimate sentence was illegal—are not cognizable in a proceeding for federal habeas relief, as they are matters purely of state law. *See* 28 U.S.C. § 2254(a). One of Knotts's subclaims—that he was denied Due Process when a detective returned the stolen property to the victims prior to trial—was not exhausted at the state level, but can be denied on the merits. *See id.* at § 2254(b)(2) (allowing for denial of a § 2254 petition on the merits, notwithstanding the failure to exhaust a claim or claims); *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). The remainder of Knotts's claims, which were appropriately exhausted during the state proceedings and are cognizable at federal habeas review, are without merit and do not entitle Knotts to federal habeas relief.

I.   **Validity of the Plea**

As a threshold matter, Knotts argues that he received ineffective assistance of counsel during plea negotiations and explanation of the Plea Agreement by defense counsel. Knotts argues that his counsel was ineffective because counsel refused to file a motion to review evidence, refused to file a motion to withdraw the guilty plea, refused to file other motions as Knotts requested, and did not speak up for Knotts at the June 14, 2012, sentencing hearing. Reading Knotts's argument broadly, he raises a Sixth Amendment issue as going to the validity of his plea: whether the plea was "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). If a defendant pleads guilty on counsel's advice, that defendant may only attack the voluntary and intelligent character of his guilty plea by showing that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *See Tollett v. Henderson*, 411 U.S. 258, 264 (1973) (citation omitted). To succeed under this test, a petitioner "must show *both* (1) that counsel's performance was deficient *and* (2) that this deficiency prejudiced [his] defense." *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (emphasis in original)). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have insisted on going to trial." *Id.* (quotation omitted). Because this is a § 2254 petition, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 131 S. Ct. at 785.

The state district court addressed the ineffective assistance of counsel argument in its Order Dismissing Petition for Writ of Habeas Corpus on October 23, 2013. (Ex. P.) The state court concluded that Knotts's arguments exhibited "no basis in fact or in law" and were "without

merit." (*Id.* at 5.) Applying AEDPA's highly deferential standard to state-court conclusions of fact and law, and noting that Knotts makes no argument that the state court's decision could not have been reasonable, I find that Knotts's defense counsel was not constitutionally ineffective and conclude that the Plea Agreement is valid. *See Harrington*, 131 S. Ct. at 785.

### II.     Non-Cognizable Claims

Knotts raises two state law issues in his habeas petition: Due Process violations for breach of the Plea Agreement and an illegal sentence. Federal habeas relief is not available for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). It is not the province of the federal courts to re-examine state-court determinations of state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Absent a specific constitutional violation, federal habeas review of state court errors is limited to whether the error "so infected the [proceeding] with unfairness as to make the resulting conviction a denial of due process." *Lewis*, 497 U.S. at 780 (quotation omitted).

#### A.  Breach of Plea Agreement

First, I note that the terms of the Plea Agreement specifically state that there was "[n]o agreement as to sentence." (Ex. C at 3.) Second, I note that Knotts alleges a breach of the Plea Agreement by the state district judge, who was not a party to the agreement. *See State v. Mares*, 888 P.2d 930, 933 (N.M. 1994) (stating that state district judge's role at the plea stage is limited to interpreting, reviewing, and approving the plea agreement's terms).

Knotts seems to argue that his plea colloquy and the initial advisory sentencing by the state district judge (CD June 4, 2012, at 10:27:09 – 10:27:16, 10:27:24 – 10:27:27) occurred before he signed the Plea Agreement, rendering the initial advisory sentencing a part of the Plea

9

Agreement. (*See* Doc. 1 at 4.) This is factually inaccurate. Knotts signed the Plea Agreement before it was accepted by the state district judge. (CD June 4, 2012, at 10:18:05 – 10:18:11 (Court: "Your attorney has handed me a Partial Repeat Offender Plea. Have you seen that?" Knotts: "Yes, your Honor." Court: "Did you sign it?" Knotts: Yes, your Honor.")).

There was no breach of the Plea Agreement, and if there had been, an alleged breach of the agreement by the trial judge would not create a constitutional violation of the right to Due Process. *See O'Hara v. Wigginton*, 24 F.3d 823, 824 (6th Cir. 1994) (noting that no constitutional claim was presented where petitioner argued that prison officials, rather than the prosecution, breached the terms of a plea agreement). This claim, therefore, is not cognizable in a federal habeas proceeding.

### B.  Illegal Sentence

Knotts argues that he was sentenced on June 4, 2012, and then, unlawfully, sentenced a second time, on the same charges, on June 14, 2012, at which time he received a harsher sentence.

The Tenth Circuit has held that issues related to sentencing, particularly the manner in which sentences are to be served, raise questions of state law that do not involve the denial of constitutional rights. *See, e.g.*, *Saccato v. Wilson*, 510 F. App'x 693, 696-97 (10th Cir. 2013) (unpublished); *Ballard v. Franklin*, 463 F. App'x 732, 734-35 (10th Cir. 2011) (unpublished). Furthermore,

> [i]t is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment. *State v. Morris*, 69 N.M. 89, 364 P.2d 348 (1961); *State v. Crespin*, 90 N.M. 434, 564 P.2d 998 (Ct. App. 1977); *State v. Atencio*, 85 N.M. 484, 513 P.2d 1266 (Ct. App.), *cert. denied*, 85 N.M. 483, 513 P.2d 1265 (1973). An oral pronouncement of sentence by a judge in a criminal case is

> not a *final* judgment. It cannot be appealed from and is subject to change until reduced to writing and filed with the clerk.

*State v. Diaz*, 673 P.2d 501, 502 (N.M. 1983).

As discussed above, the state district judge made and retracted the initial sentence of two-and-a-half years after Knotts signed the Plea Agreement. The sentence was not part of the Plea Agreement, and therefore raises a question of state law: namely, was the sentence lawfully imposed? The state district judge's oral pronouncement on June 4, 2012, did not constitute a final judgment and could be changed at any time before the entry of written judgment. *Diaz*, 673 P.2d at 502. The June 14, 2012, ruling was subsequently reduced to a final and written Judgment and Sentence on June 21, 2012. Knotts was not, as he claims, sentenced twice under the same agreement, nor was the sentence part of the Plea Agreement. As sentencing is a matter of state law and Knotts raises no constitutional issue, this issue is not cognizable in this Court.

### III. Waiver of Claims Based on Plea Agreement

By entering into the Plea Agreement, Knotts waived his right to seek federal habeas relief on his claim that his Sixth Amendment right to a speedy trial was violated, and on his Due Process subclaim related to returning evidence to the victims. *See Tollett*, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). The voluntary and intelligent waiver in a plea agreement eliminates subsequent claims of constitutional violations that occurred before the plea. *See United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 527 (9th Cir. 1985); *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985), *cert. denied*, 474 U.S. 981 (1985). An unconditional guilty plea "cures all antecedent constitutional defects." *United States v. Floyd*,

108 F.3d 202, 204 (9th Cir. 1997) (emphasis omitted); *but see Tollett*, 411 U.S. at 267 (noting that a defendant may still attack the voluntary and intelligent character of the guilty plea).

The Plea Agreement in this case states that, "The defendant also stipulates that the above convictions, including that to which he/she is pleading guilty pursuant to this agreement, are valid and free from fundamental error . . . ." (Ex. C at 2.) Knotts's allegation that his Sixth Amendment right to a speedy trial was violated during the time between the New Mexico warrant being served on him in Colorado state custody and the Plea Agreement, even if it had merit, was voluntarily and intelligently waived by the terms of the Plea Agreement. Likewise, Knotts's claims that he was deprived of Due Process when the state district judge returned stolen property to the victims before trial, even if it was a constitutional violation, has been waived under the Plea Agreement.[4] Knotts is not entitled to federal habeas relief on either of these grounds.

**IV.      Due Process – Withdrawal of Guilty Plea**

"Defendants do not have an absolute right to withdraw a guilty plea." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (citing *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990)). A court may permit a defendant to withdraw the plea, before sentencing, if the defendant shows any fair and just reason. *Id.*; *see also State v. Barnett*, 965 P.2d 323, 330 (N.M. 1998) (citing N.M.R.A., Rule 5-304 1998 cmt.). The defendant bears the burden of establishing a fair and just reason for withdrawal of the plea. *Siedlik*, 231 F.3d at 748.

In this case, Knotts filed a Motion to Withdraw Guilty Plea (Ex. L) on April 17, 2013—ten months after he was sentenced. There is no evidence, beyond a single sentence in Knotts's

---

[4] It is worth noting that Knotts failed to exhaust this subclaim during the state collateral proceedings. However, pursuant to § 2254(b)(2) and *Fairchild*, 579 F.3d at 1156, I address and dismiss this claim on the merits.

Petition, suggesting that Knotts filed a motion to withdraw his guilty plea before April 2013.[5] (Doc. 1 at 3.) Because Knotts's motion was not filed until well after he was sentenced, and because Knotts points to no fundamental unfairness in denying this motion, this argument is without merit.

## CONCLUSION

I find that the state district court did not err in determining that Knotts did not receive ineffective assistance of counsel. He voluntarily and intelligently entered into a valid Plea Agreement on June 4, 2012. The state district judge entered a valid Judgment and Sentence on June 21, 2012, sentencing Knotts to ten years in prison. Knotts's arguments that the state district judge breached the Plea Agreement and imposed an illegal sentence are matters of state law that are not cognizable in this proceeding. Furthermore, by signing the Plea Agreement, Knotts waived his argument about a Sixth Amendment speedy trial violation or Due Process violation based on the return of the stolen property to the victims. Finally, Knotts did not have a right to withdraw his guilty plea and was not deprived of Due Process when the state district judge did not allow such a withdrawal. For the reasons stated herein, I recommend that Knotts's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) be DENIED and this case dismissed with prejudice. I further recommend that a Certificate of Appealability not be issued. *See* 28 U.S.C. § 2253(c).

---

[5] In support of his contention that he was illegally sentenced, Knotts writes, "And I said that I wanted to withdraw my guilty plea and was told I had to file a motion on the matter and when I did the judge didn't even accept the motion from me at all." (Doc. 1 at 3.)

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.